**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4549-19

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

JULIO CAMACHO,

     Defendant-Appellant.

_____

Submitted May 16, 2022 – Decided July 27, 2022

Before Judges Accurso and Enright.

On appeal from the Superior Court of New Jersey, Law Division, Passaic County, Indictment No. 17-06-0589.

Joseph E. Krakora, Public Defender, attorney for appellant (Monique Moyse, Designated Counsel, on the brief).

Camelia M. Valdes, Passaic County Prosecutor, attorney for respondent (Marc A. Festa, Chief Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Julio Camacho appeals from the dismissal of his petition for post-conviction relief, contending he established a prima facie case of ineffective assistance of counsel requiring an evidentiary hearing. Because the trial judge correctly determined the evidence insufficient to sustain defendant's burden, we affirm.

On one day in March 2017, defendant robbed a liquor store with a BB gun, and shortly thereafter approached two young men on the street, brandishing the gun and demanding money, their cell phones and a key fob. The liquor store robbery was captured on video, and after defendant left the young men and went in search of their car, they ran home to report they'd been robbed. Defendant was subsequently accosted by the father and uncle of one of the victims, demanding defendant return the stolen property. A police officer arrived, disarmed defendant and arrested him. A rapid drug screen performed at the hospital following defendant's arrest noted the presence of PCP and cannabinoid in his urine. An emergency room nurse noted defendant "appears to be hallucinating."

Prior to indictment, the State offered to allow defendant to plead guilty to two counts of first-degree robbery and one count of first-degree carjacking in exchange for a recommended twelve-year sentence subject to the periods of

2

parole ineligibility and supervision required by the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2. Defendant declined the offer, and he was subsequently indicted on those charges and eight others, including a certain persons offense. Defendant's prior record made him extended-term eligible.

Following defendant's indictment, the State's plea offer stood at a seventeen-year NERA term until the final pre-trial conference when the State agreed to recommend a thirteen-year NERA term in exchange for defendant's plea to two counts of armed robbery and carjacking. Defendant turned down the offer, despite the urging of his lawyer and his family. The week before trial, the court held a competency hearing for defendant after he submitted a pre-trial memo in his own behalf with bizarre references to the judge, prosecutor and defense counsel. A psychologist at Ann Klein Forensic Center testified defendant was feigning his symptoms, understood the charges against him and could participate in his defense.

The judge declared defendant competent to stand trial and the jury was assembled when defendant decided he wanted to accept the State's plea offer, which entailed defendant pleading to the same counts of the indictment as counsel had negotiated previously in exchange for a recommended sixteen-year NERA term.

3

After the trial judge obtained the presiding judge's consent to the late plea, defendant engaged in an extended plea colloquy in which he was questioned by the court, defense counsel and the prosecutor. Defendant acknowledged the extensive negotiations surrounding the plea, his exposure, including the potential for an extended term, and expressed his understanding that "a BB gun when used in the course of a robbery" is the same as "a 'real gun'" qualifying for first-degree treatment. Defendant expressed satisfaction with the services of his counsel, assured the judge he was pleading guilty because he was guilty, and that no one had pressured him to enter the plea. After defendant answered detailed questions as to the facts of the offenses, the judge accepted defendant's guilty plea to two counts of first-degree robbery and first-degree carjacking in exchange for the State's agreement to dismiss the remaining eight counts of the indictment, waive an extended term and recommend a sixteen-year NERA sentence.

Three weeks after entering his plea, defendant sent a letter to the court and his counsel that he wished to withdraw it. The judge heard the motion at the scheduled sentencing hearing two weeks later. Defendant explained the hospital records from the time of his arrest, which he only recently received despite having asked his counsel to secure them previously, "says . . . [he] was

under the influence of PCP and [he] was hallucinating." Asked by the judge why he didn't raise that when he entered his plea, defendant explained he was pressured by his counsel "telling [him] he was going to lose at trial. Who wouldn't want to cop out, you know." The prosecutor countered that the plea was negotiated over a lengthy period, and that defendant's counsel had advised the prosecutor "early on" about defendant being under the influence when he committed the offenses, making clear this was not new information.

The judge denied the motion and sentenced defendant to an aggregate sixteen-year NERA term in accordance with his plea. Defendant appealed, and we affirmed both his sentence and the denial of his Slater[1] motion on a sentencing calendar. State v. Camacho, No. A-3847-17 (App. Div. Sept. 25, 2018).

Defendant filed a timely petition for PCR, contending plea counsel failed to investigate and obtain medical records demonstrating he was under the influence of PCP at the time of his offenses, failed to secure a lower plea offer and did not meaningfully argue his Slater motion. The judge, who had presided over defendant's competency hearing, taken his plea and sentenced him to prison, denied the petition without an evidentiary hearing.

---

[1] State v. Slater, 198 N.J. 145 (2009).

A-4549-19

As to the hospital record of the drug screen defendant proffered and his Slater motion, the judge noted review of the record made clear the drug test was a screening test only. The document states it was to be used solely "for medical purposes," and "[i]f confirmation of the positive results needed," the lab had to be notified within fourteen days — well before defendant's counsel had been appointed — to allow further testing by gas chromatography. The judge found that even had defendant's counsel possessed the screening test results defendant proffered "on the day he became counsel of record, conclusive tests could not have been ordered."

The judge credited defense counsel with having brought attention early to defendant being under the influence at the time of his offenses, noting the "numerous references" in the record of defense counsel's efforts to use it to defendant's advantage in the plea negotiations with the prosecutor. Because the record was of no avail on the Slater motion, however, a more vigorous argument on defense counsel's part would not have changed the result. As for defendant's criticism of counsel for his failure to secure a more favorable plea, the record makes abundantly clear counsel had secured two more favorable pleas, both of which defendant rejected.

A-4549-19

Defendant appeals, reprising the arguments he made in the trial court. To succeed on a claim of ineffective assistance, a defendant must establish, first, that "counsel's representation fell below an objective standard of reasonableness" and, second, that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 687-88, 694 (1984). When a defendant's conviction rests on a guilty plea, the focus of the prejudice prong is "whether counsel's constitutionally ineffective performance affected the outcome of the plea process." Hill v. Lockhart, 474 U.S. 52, 59 (1985). To obtain relief, a defendant "must convince the court that a decision to reject the plea bargain would have been rational under the circumstances." Padilla v. Kentucky, 559 U.S. 356, 372 (2010).

As is clear from the record, the State had a strong case. Defendant's robbery of the liquor store was captured on video, and he was apprehended with the BB gun. Because the two young men defendant robbed and carjacked had enlisted their relatives to get back their belongings, several people were prepared to identify defendant at trial. Defendant was also extended-term eligible and conviction at trial could have resulted in him serving decades in prison on consecutive sentences for these three first-degree offenses.

A-4549-19

Defendant put forth nothing to show any realistic hope of succeeding on an intoxication defense.  See State v. Cameron, 104 N.J. 42, 56 (1986) (discussing factors "pertinent to the determination of intoxication sufficient to satisfy the test of 'prostration of faculties'").  Having reviewed the record, we agree with the trial judge that defendant failed to show any incompetence on his counsel's part or that a decision to reject the plea bargain the State offered on the trial date would have been a rational decision under the circumstances.  State v. Nunez-Valdez, 200 N.J. 129, 139 (2009).  His failure to establish a prima facie case made an evidentiary hearing unnecessary.  See State v. Porter, 216 N.J. 343, 355 (2013).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4549-19